UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| ZAKIUSS JAMAR COLE, | : Case No. 1:24-cv-372 |
| Petitioner, | : |
| vs. | : District Judge Susan J. Dlott |
| | : Magistrate Judge Karen L. Litkovitz |
| WARDEN, HAMILTON COUNTY JUSTICE CENTER, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Petitioner has filed a petition for a writ of habeas corpus in this Court. (Doc. 1). However, on July 18, 2024, the Court entered an Order addressing two preliminary matters.[1]

First, the Court noted that petitioner did not pay the $5.00 filing fee or move to proceed *in forma pauperis*. Further, although at the time petitioner prepared the instant habeas petition state-court charges were pending against him in the Hamilton County Court of Common Pleas, Case Number B2104846 (*see* Doc. 1-5, at PageID 50), the Court noted that it appeared that petitioner had since been convicted of drug possession by guilty plea.[2]

---

[1] Although apparently a pretrial detainee at the Hamilton County Justice Center at the time he filed this action, it appeared from the Ohio Department of Rehabilitation and Correction website that petitioner was housed at the Madison Correctional Institution at the time the Court entered its July 18, 2024 Order. The Clerk of Court was therefore directed to mail the Order to petitioner at both facilities. (*See* Doc. 2, at PageID 69). Petitioner has not responded or provided the Court with a new mailing address as required by this Court's rules. *See* S.D. Ohio Guide for Pro Se Civ. Litigants 14 (Feb. 13, 2017) (providing that failure to keep Court informed of changes to address may result in dismissal of case for lack of prosecution). *See also Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)) (providing that a litigant has an affirmative duty to keep the Court apprised of any changes to their address).

[2] *See* https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=B+2104846&submit.x=21&submit.y=13, searched under petitioner's name and state-court Case No. B2104846. "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).

Accordingly, on July 18, 2024, the Court entered an Order directing petitioner to either pay the $5.00 filing fee or to file a motion to proceed *in forma pauperis* within thirty days. The Court also directed petitioner to show cause within thirty days why the instant action should not be dismissed without prejudice on the ground that petitioner had not exhausted his available state-court remedies. Petitioner was advised that failure to respond to the Order within the requisite thirty-day time period would result in his case being dismissed for want of prosecution. (Doc. 2, at PageID 68-69).

To date, more than thirty days after the July 18, 2024 Order, petitioner has failed to respond.

"District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

It is therefore **RECOMMENDED** that this matter be **DISMISSED without prejudice** for want of prosecution.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and

2

Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

August 27, 2024

Karen L. Litkovitz
United States Magistrate Judge