IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Zakiuss Jamar Cole, | : | |
| | : | Case No. 1:24-cv-372 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Warden, Hamilton County Justice Center, | : | Recommendation and Dismissing Case |
| *et al.*, | : | With Prejudice |
| | : | |
| Defendants. | | |

This matter is before the Court on a Report and Recommendation issued by Magistrate Judge Karen L. Litkovitz recommending that the case be dismissed for lack of prosecution. (Doc. 4.) For the reasons that follow, the Court will adopt the Report and Recommendation and dismiss the case with prejudice.

I.

Plaintiff Zakiuss Jamar Cole filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Habeas Petition") on July 8, 2024. (Doc. 1-5.) Magistrate Judge Litkovitz issued an Order on July 18, 2024 (1) finding the filing deficient because Cole neither paid the filing fee nor sought leave to proceed without the prepayment of fees and (2) noting he did not exhaust his administrative remedies as required by 28 U.S.C. § 2254(b)–(c). (Doc. 2 at PageID 66–67.) She gave Cole thirty days to remedy the filing fee deficiency and to show cause why the action should not be dismissed without prejudice for failure to exhaust. (*Id.* at PageID 68–69.) The Clerk of Court erroneously attempted to serve Cole only at the Hamilton County Justice Center, even though Magistrate Judge Litkovitz instructed that he was also to be served at the facility to which he was transferred, the Madison

Correctional Institution. (Doc. 2 at PageID 69; Doc. 3.)

Magistrate Judge Litkovitz then issued the pending Report and Recommendation on August 27, 2024 recommending that the case be dismissed for lack of prosecution. (Doc. 4.) The Clerk of Court attempted to serve Cole by mailing the Report and Recommendation to him at the Madison Correctional Institution. Cole has not filed any additional papers after filing the Habeas Petition and supporting materials on July 8, 2024.

Based on a check of the Ohio Department of Rehabilitation and Correction's Offender Search on November 25, 2024, Cole is no longer in state custody. *See* Offender Search, Ohio Department of Rehabilitation and Correction, https://appgateway.drc.ohio.gov/OffenderSearch (last accessed 11/25/2024). Instead, it appears he is in the custody of the Federal Bureau of Prisons pursuant to a supervised release violation. *See United States v. Cole*, 1:17-c-113, Judgment in a Criminal Case, Dkt. #55 (S.D. Ohio Oct. 7, 2024).

## II.

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive matters that have been referred to them. Parties then have fourteen days to make, file, and serve specific written objections to the report and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantively similar).

## III.

The Magistrate Judge recommended dismissing this case for lack of prosecution. Cole did not file objections. There is no clear error in the recommendation to dismiss the case for

2

failure to prosecute.  Moreover, the Habeas Petition appears to be moot because Cole is no longer in state custody.  Accordingly, the Report and Recommendation (Doc. 4) is **ADOPTED**.  This case is **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED.**

                          BY THE COURT:

                          S/Susan J. Dlott
                          Susan J. Dlott
                          United States District Judge